FILED
Feb 7, 2025
12:26 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Miguel Torres | ) | Docket No. 2024-05-4796 |
| | ) | |
| v. | ) | State File No. 76567-2022 |
| | ) | |
| Allvan Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 21, 2025, |
| Compensation Claims | ) | via Microsoft Teams |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

In this appeal, the parties contend the trial court erred by rejecting a proposed settlement of the employee's claim. The employee suffered a compensable accident at work that caused an inguinal hernia, and the employer paid certain workers' compensation benefits. After the employee received authorized medical treatment, including surgery, but before the treating physician had commented on maximum medical improvement or permanent medical impairment, the parties sought court approval of a settlement agreement resolving the employee's claim in its entirety for a single lump sum payment. The agreement described the claim as "disputed" and terminated the employee's entitlement to any future medical benefits. Following a hearing, the trial court declined to approve the settlement, finding that: (1) there was insufficient information to determine whether the employee had been placed at maximum medical improvement, (2) the authorized physician had offered no opinion on what, if any, permanent impairment the employee retained; (3) the employee expressed a desire to return to the doctor; and (4) the parties had not established that the settlement was in the employee's best interest. The parties filed a joint appeal, asserting the trial court abused its discretion in declining to approve the settlement agreement. After hearing the arguments of counsel at oral argument and careful consideration of the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Lauren M. Poole, Brentwood, Tennessee, for the employer-appellant, Allvan Corporation

Victoria Herman, Goodlettsville, Tennessee, for the employee-appellant, Miguel Torres

**Factual and Procedural Background**

On October 21, 2022, Miguel Torres ("Employee") was working for Allvan Corporation ("Employer"). While using a tow motor to move steel beams, the beams shifted, and, in Employee's attempt to keep the load steady, he suffered a right inguinal hernia. He reported the accident and received workers' compensation benefits, including surgical repair for the hernia in December 2022. In February 2023, Employee's authorized physician, Dr. Joshua Taylor, released Employee to follow up "as needed."[1] At that time, Dr. Taylor did not provide an opinion as to maximum medical improvement ("MMI") or permanent medical impairment, and there is no indication in the record that either party obtained that information prior to the settlement approval hearing.

On July 17, 2024, Employee, through counsel, filed a petition for benefit determination asserting, in part, that he had reached MMI on February 23, 2023, but that he "need[ed] a final medical report from Dr. Joshua Taylor to be able to settle [his] claim." The petition identified the following as disputed issues: permanent disability benefits, the original award, and the resulting award and/or increased benefits. On August 22, another petition was filed asking the trial court to approve a proposed settlement agreement based on a single lump sum payment to close the claim completely with no entitlement to future medical benefits. The petition included a request for a translator for Employee.

Following its review of the proposed settlement, and prior to the scheduled hearing, the trial court sent the following correspondence to the parties:

> The proposed Agreement states that the dispute is the lack of impairment rating. However, the lack of a rating is different from a 0% rating. This is an accepted claim, so unless there is a 0% rating, the proposed documents do not identify any dispute of compensability or extent of disability that would support a doubtful settlement under TCA 50-6-240(e). The Court may be unable to approve a doubtful settlement under these circumstances. Please see the blog post for guidance. Templates Revised for Disputed Cases: No Doubt – From the Bench (wccourt.com)

The record does not indicate that either party responded to the trial court's notification.

---

[1] Although the parties' briefs refer to a February 23, 2023 "final medical report," that report is not in the record on appeal. "The parties to an appeal have the responsibility to ensure the completeness of the record on appeal." Tenn. Comp. R. & Regs. 0800-02-22-.02(1) (2023). Without that report, it is unclear whether Tennessee Code Annotated section 50-6-207(1)(E), allowing for a conclusive presumption of maximum medical improvement when all active medical treatment has ended, would apply.

On August 30, the parties appeared at a settlement approval hearing, and Employee was questioned through an interpreter.[2] The settlement documents stated the "parties dispute whether this claim is compensable and/or the amount of compensation due" and noted the "specific issue is a lack of impairment rating." The court's order reflects that, during questioning, Employee gestured toward his abdomen and stated that he could feel the mesh from his repair surgery. When the attorneys were questioned by the court as to why there was no medical opinion addressing MMI or permanent medical impairment, counsel for Employee stated that she had requested a return appointment with Dr. Taylor; however, the parties agreed to proceed with the disputed settlement instead. Employee did not return to Dr. Taylor and, according to counsel's statements during oral argument, Employee understood that settling his claim as "disputed" meant he would be relinquishing his right to an appointment with Dr. Taylor and any future medical treatment for his injury provided at Employer's expense.

At the hearing, both parties agreed the claim was accepted by Employer and there was no dispute as to the compensability of Employee's inguinal hernia. Instead, they argued that the amount of compensation due was disputed because of the absence of any impairment rating assigned by a physician. In its order declining to approve the proposed settlement, the court explained:

> As [permanent partial disability benefits] are based on the medical impairment rating under section 207(3), the lack of any medical opinion on impairment provides no evidence of a dispute over the amount of compensation [due]. The parties are thus precluded from a disputed settlement unless and until they obtain the relevant medical opinion.

The court also questioned whether "an issue can be disputed when the parties have agreed upon it," noting that "if parties can simply choose not to seek a rating or opinion of maximum medical improvement and then agree to characterize that as a dispute, section 240(e), which explicitly requires a dispute between the parties, would be nullified." Finally, pointing to its statutory duty to determine whether a settlement is in the best interest of the employee, the court noted its concern with Employee's potential "lingering problem with his surgical mesh." As a result, the court concluded that approving the settlement and foreclosing Employee's right to future medical benefits would not be in his best interest at that time. The parties filed a joint notice of appeal on September 18, 2024. In October, the parties filed two proposed statements of the evidence, neither of which was approved by the trial court.[3] The parties also filed a joint brief on appeal.

---

[2] The settlement approval hearing was not recorded by the court, and neither party retained a court reporter. Thus, although Employee testified at the hearing, we have no transcript of the hearing to review.

[3] Because neither proposed statement of the evidence was accepted by the trial court, we are precluded from considering them on appeal. *See, generally*, Tenn. Comp. R. & Regs. 0800-02-22-.05(1).

Oral arguments were conducted in this case on January 21, 2025. Attorneys for both parties argued the trial court had abused its discretion in declining to approve the settlement. Counsel for Employee asserted that, based on the trial court's order, she believed there had been a misunderstanding between the parties and the court regarding the nature of the "dispute" that made this settlement appropriate for consideration under section 240(e). She maintained that there was "never a point where either counsel . . . agreed that the [impairment] rating in this case was a 0%." Counsel conceded, however, that the injury was compensable; that there was no documentation of Employee being placed at MMI; and that no impairment rating had been provided by the treating physician. However, counsel stated that the parties did not agree there was a 0% impairment rating and argued it "could be a 0% impairment rating, but that it could be more." Ultimately, counsel asserted that any disagreement as to the amount of compensation owed qualifies as a "dispute" under the express language of section 240(e), regardless of the compensability of the underlying claim. She further argued that section 240(e) does not require either an opinion placing an employee at MMI or an impairment rating before proceeding with a disputed settlement. She noted that Employee's injury was a hernia that occurred in October and that by the end of December, his hernia had been surgically repaired. She also asserted that he had been released from medical care.[4] Counsel argued that the parties had presented a disputed settlement that satisfactorily met the requirements of subsection 240(e) because the absence of an impairment rating assigned by a physician allowed a dispute to exist as to the amount of compensation due to Employee.

For her part, Employer's counsel argued the court's refusal to approve the proposed settlement was "judicial overstep" because an employee, especially one represented by competent counsel, knows what is in his or her best interest. Further, counsel argued that Employee understood the risks and consequences associated with entering into the proposed settlement agreement, including the termination of any entitlement to future medical benefits and waiving his right to trial. During her reserved time, counsel for Employee agreed that the trial court has a right to request more information to determine whether a settlement is in an employee's best interest; however, she expressed her belief that the trial court said the only thing it needed was an impairment rating and she maintained such a requirement simply does not exist. Finally, counsel asserted the trial court had "overwhelmed" Employee's right to make his own decisions, characterizing the trial court's actions as "step[ping] in and say[ing] I know better than you what's best for you."

In sum, counsel for both parties argued the trial court overstepped its authority when it determined that the absence of an opinion placing Employee at MMI or

---

[4] In the joint brief on appeal and during oral argument, both parties contended Employee was seen by his authorized treating physician in February 2023, released to full duty work, and told he could follow up as needed. As stated previously, that medical record was not included in the record on appeal.

addressing the existence of any permanent medical impairment precluded a finding *at that time* that the proposed "disputed" settlement was in Employee's best interest.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

In this joint appeal, the parties assert the trial court erred when it declined to approve a "disputed" settlement pursuant to Tennessee Code Annotated section 50-6-240(e) when the parties maintain there is a dispute as to the amount of compensation due. The parties also contend the trial court erred in "finding that negotiating a settlement upon a disputed basis under [Tennessee Code Annotated section] 50-6-240(e) is predicated upon obtaining a medical impairment rating under [Tennessee Code Annotated section] 50-6-207(3)." We conclude the parties misconstrued the trial court's order and the basis of its decision to decline to approve the settlement at that time.

Tennessee Code Annotated section 50-6-240(e) (2023) provides:

Notwithstanding any other provision of this section, if there is a dispute between the parties as to whether a claim is compensable, *or as to the amount of compensation due*, the parties may settle the matter without regard to whether the employee is receiving substantially the benefits provided by this chapter; provided, that the settlement is determined *by a workers' compensation judge* to be in the best interest of the employee.

5

(Emphases added.) Here, it is undisputed that this is a compensable claim; therefore, in order for the settlement to be approved under section 240(e), there must be a legitimate dispute as to the amount of compensation due. Moreover, the statute places the responsibility for determining whether the settlement is in the best interest of the employee squarely on the shoulders of the trial judge, not the parties or the parties' lawyers.[5]

In their joint brief on appeal, the parties assert "the trial court erred in its holding that there was no compensability dispute because the [p]arties did not agree regarding compensability nor to a 0% rating."[6] The proposed settlement documents alleged the parties "dispute the amount of compensation due based upon a lack of rating," and noted that "the parties are settling this case on a doubtful and disputed basis, under Tennessee Code Annotated [section] 50-6-240(e)." In its order, the trial court stated the parties "argued that the lack of impairment rating constituted a dispute because [Employee] had not been to the doctor in several months." The court also stated that the parties contend they "have the right to agree on an impairment rating, and that because they agreed it was 0%, a dispute exists over the extent of [Employee's] disability."[7] Ultimately, the court asked the parties to obtain a "relevant medical opinion" because the lack of a medical opinion on impairment "provide[d] no evidence of a dispute over the amount of compensation [due]."

---

[5] Our Supreme Court has previously emphasized the importance of compliance with the "procedural safeguards" established by the General Assembly relative to approval of workers' compensation settlements. *See, e.g.*, *Furlough v. Spherion Atl. Workforce, LLC,* 397 S.W.3d 114 (Tenn. 2013); *Dennis v. Erin Truckways, Ltd.*, 188 S.W.3d 578 (Tenn. 2006). Although both *Furlough* and *Dennis* arose prior to the passage of the 2013 Workers' Compensation Reform Act, the Workers' Compensation Law still requires a court to find that any settlement approved pursuant to subsection 240(e) must be in the "best interest of the employee." If the parties maintain that a trial court's sole function in considering such a settlement is to determine whether the employee understands the terms of the settlement and the risks of relinquishing the rights and benefits provided by the Workers' Compensation Law, and that the responsibility for determining whether the settlement is in the employee's "best interest" rests, ultimately, with the employee, such arguments directly contradict express statutory language. Consequently, such arguments should be presented to the General Assembly, not the courts, for consideration.

[6] Although the parties reference a "compensability dispute" in their joint brief, it is clear that the compensability of the claim was not in dispute and that they are instead referring to a dispute as to the amount of compensation due. Thus, the trial court did not err when it concluded that the parties had identified no dispute as to the compensability of the claim.

[7] In this opinion, we need not address, and we take no position on, whether parties can "agree on" a medical impairment rating without a treating physician's having evaluated the employee for the existence or extent of permanent medical impairment as required by Tennessee Code Annotated section 50-6-204(k)(4). We also note that section 50-6-204(k)(7) addresses a treating physician's assessment of an employee's impairment rating and the quantum of proof needed to rebut that impairment determination. *See also* Tenn. Comp. R. & Regs. 0800-02-17-.25(2) ("The authorized treating physician is *required and responsible for* determining the employee's maximum medical improvement (MMI) date and providing the employee's impairment rating for the injury the physician is treating.") (emphasis added).

Because no transcript was available for our review and because the trial court declined to approve either statement of the evidence offered by the parties, we are unable to review or evaluate any of Employee's testimony heard by the trial court. An assertion of fact in a party's brief is not a substitute for evidence, *Rezba v. Rezba*, No. M2014-00553-COA-R3-CV, 2015 Tenn. App. LEXIS 7, at *7 (Tenn. Ct. App. Jan. 7, 2015), and, likewise, arguments of counsel are not evidence, *Bullard v. Facilities Performance Grp.*, No. 2017-08-1053, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2018). Thus, consistent with established Tennessee law, we must presume that the trial court's factual findings were supported by sufficient evidence. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court.").

The parties asserted during oral argument that the trial court's "recollection differs from that of counsel" and, in support of that assertion, attached to their joint brief an affidavit from Employee. However, we cannot consider evidence that has not been presented to and considered by the trial court. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023); *see also Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge."). Ultimately, it is the parties' responsibility to ensure a complete record on appeal. Tenn. Comp. R. & Regs. 0800-02-22-.02(1). Here, the parties knew prior to the hearing that the court had expressed reservations regarding the terms of the proposed settlement; yet, neither party retained a court reporter for the hearing. Because we have no transcript of the hearing and cannot consider "new" evidence on appeal, we decline to consider any statements contained in Employee's affidavit.

Turning to the court's substantive findings, the court noted that the "dispute" described by the parties related to "the amount of compensation due" rather than the compensability of the claim itself. In doing so, it stated that permanent disability benefits "are based on the medical impairment rating under section 207(3)" and the "lack of any medical opinion on impairment provides no evidence of a dispute over the amount of compensation." Although both parties asserted on appeal that the court expressed concern over the lack of an impairment rating, we conclude the parties misunderstood the trial court's decision. Instead of basing its decision on the lack of an impairment *rating*, the trial court based its decision, in part, on the lack of an impairment *evaluation*. An employee, an employer, legal counsel, the trial judge, and we are not medical experts and are ill-suited to make medical determinations. As we have stated previously,

> judges are not well-suited to make independent medical determinations without expert medical proof supporting such a determination. *See Scott v.*

7

*Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Likewise, parties and their lawyers cannot rely on their own medical interpretations of the evidence to successfully support their arguments, and they face significant risks if they choose to do so.

*Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31-32 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018). Thus, we conclude the trial court rightly expressed concern in this compensable claim as to the lack of an expert evaluation addressing MMI and/or the extent of permanent medical impairment, if any. In short, we conclude that the court did not err by requesting additional information necessary for its consideration of whether the proposed settlement was in the best interest of Employee under section 240(e).

Finally, the parties take issue with the trial court's reliance on a blog post as authority. We, again, conclude that this is a mischaracterization of what occurred. There is no evidence in this record that the court either relied on a blog post in reaching its decision or cited it as authority. Instead, prior to the hearing, the trial court sent an email to the parties cautioning them that certain concerns outlined by the court may hinder the approval of the settlement. In that email, the court referenced a blog post from the Court of Workers' Compensation Claims's website apparently in an effort to provide the parties with additional guidance. We find no abuse of discretion in the court's dissemination of information for the benefit and use of the parties, and we find no evidence that the court used anything other than its independent review and discretion in declining to approve the proposed settlement.

In sum, Employee suffered a compensable right inguinal hernia for which he received authorized medical treatment, including surgery. The compensability of the claim has never been disputed. The parties submitted a settlement agreement reflecting they were settling the claim on a disputed basis, asserting that the basis of the dispute is a disagreement over the amount of compensation due. However, at the time of that settlement approval hearing, the parties did not provide sufficient information necessary for the court to determine that the settlement was in Employee's best interest as required by section 50-6-240(e). Thus, we find no error in the trial court's request for further information regarding Employee's medical status and any anticipated future medical treatment prior to deciding whether to approve the proposed settlement.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order declining to approve the proposed settlement, and we remand the case to the trial court for any further action as may be deemed appropriate. Costs on appeal are taxed evenly to Employee and Employer.

8



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Miguel Torres | ) | Docket No. 2024-05-4796 |
| | ) | |
| v. | ) | State File No. 76567-2022 |
| | ) | |
| Allvan Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 21, 2025, |
| Compensation Claims | ) | via Microsoft Teams |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of February, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Lauren Poole<br>Gregory H. Fuller<br>Elaina Ragan | | | | X | lmpoole@mijs.com<br>ghfuller@mijs.com<br>erragan@mijs.com |
| Victoria Herman | | | | X | vherman@poncelaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov